TAYLOR, Judge.
The appellant, Vincent Edward Hawkins, was convicted of discharging a firearm into an occupied vehicle, a violation of § 13A-ll-61(a), Code of Alabama 1975. He was sentenced to 20 years in prison.
The state’s evidence tended to show that on July 3, 1989, Jamie Cooper and three other young men traveled from Abbeville to Dothan to go to the Centipede Club, a nightclub. As they were leaving the club about 3:00 a.m., Mazoo Martin approached them in the parking lot and started arguing *401 with one of them. The argument continued after they drove out of the parking lot. Martin approached their vehicle while it was stopped at a nearby red light. Martin told them to pull off the road and Cooper, who was driving, complied. The argument continued and Mazoo called- out, “Vince.” The appellant then approached, carrying a pistol. As Cooper was attempting to start the automobile and leave, the appellant fired four shots at the automobile. One shot hit a tire and another bullet entered one of the doors. The appellant was arrested later that evening and charged with discharging a firearm into an occupied vehicle.
I
The appellant initially argues that he should not have been convicted of discharging a firearm into an occupied vehicle because, he says, the shots did not enter the interior of the automobile.
Section 13A-ll-61(a), states:
“No person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft in this state.”
An “automobile” is defined as follows:
“A passenger vehicle designed for operation on ordinary roads and typically having four wheels and a gasoline or diesel internal-combustion engine.”
The Random House Dictionary of the English Language (2d ed. 1987).
The definition of an automobile includes the frame of the vehicle and the tires. Had the legislature intended to limit the applicability of the statute to the passenger compartment of an automobile, they would have specifically done so in the statute. Section 13A-11-61 seeks to punish all individuals who shoot into an occupied or unoccupied vehicle, whether the projectile enters the passenger compartment or not, and no matter how accurate their aim in firing weapons may be.
The shots fired by the appellant, which hit the door and the tire, come within the purview of § 13A-11-61. There was sufficient evidence to find the appellant guilty of discharging a firearm into an occupied vehicle.
II
The appellant next argues that the trial court erred in allowing photographs of the vehicle to be received into evidence. Specifically, he contends that there was no testimony that the photographs accurately depicted the car as it looked immediately after the shooting.
“The test for determining the admissibility of a photograph is whether it is a true and accurate representation of the subject which it purports to represent, as it existed at the time pertinent to the inquiry.”
St. John v. State, 523 So.2d 521, 526 (Ala.Cr.App.1987).
Cooper identified six photographs of the vehicle taken after the shooting. He stated that the bullet holes shown in the photograph in the frame of the car and the tire were not there when he left the parking lot of the Centipede Club. He stated that the photographs accurately depicted the car as it looked at 8:00 a.m. the morning of the shooting. There are no allegations that the car had been tampered with between 3:00 a.m. and 8:00 a.m. The photographs of the automobile were correctly received into evidence.
III
The appellant next argues that the trial court erred in denying his motion in limine requesting that all evidence of a subsequent collateral offense be excluded from the trial. The court allowed evidence of the subsequent crime to be admitted only for the limited purpose of impeaching the appellant’s testimony. This ruling was correct. C. Gamble, McElroy’s Alabama Evidence § 145.01(1) (4th ed. 1991).
*402 For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.